UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

    v.

                                  )                    Crim. No. 2:16-mj-*164 - JDL*

MARAT MUSLIMOV,                     (8 U.S.C. § 1325(c), 18 U.S.C. § 371,

MELISSA VALLEY,                      1001 & 1546(a))

DZIYANA BIRUK, a/k/a Diana Biruk

BRIAN DEHAHN,

        Defendants

## CRIMINAL COMPLAINT

I, James O. Bell, being duly sworn, state that the following is true and correct to the best of my knowledge and belief.

## INTRODUCTION

At all times relevant to this Complaint,

1.    Dziyana (a/k/a Diana) Biruk was a citizen of Belarus, who was not lawfully present in the United States, residing in Maine.

2.    Marat Muslimov was a citizen of Russia, who was not lawfully present in the United States, residing in Maine.

3.    Brian Dehahn and Melissa Valley were citizens of the United States residing in Maine.

## COUNT ONE
### (Conspiracy to Commit Marriage Fraud)

From about September 24, 2010 until about August 10, 2011, in the District of Maine, the defendants,

**MARAT MUSLIMOV**
**and**
**MELISSA VALLEY,**

knowingly and willfully conspired and agreed to enter into a marriage for the purpose of evading any provision of the immigration laws of the United States, that is, the adjustment of Defendant Muslimov's immigration status from an out-of-status fugitive alien to that of a Lawful Permanent Resident.

## OBJECT OF THE CONSPIRACY

1.      It was the object of the conspiracy for Defendant Muslimov to marry Defendant Valley as part of a scheme to acquire a change of his United States immigration status to which he would not otherwise have been entitled by falsely representing to an agency of the United States Government that the marriage into which he had entered as part of the scheme was bona fide when in fact it was not.

## OVERT ACTS

2.      In furtherance of the conspiracy, and to affect its goals, the defendants committed the following overt acts in the District of Maine and elsewhere, on or about the dates alleged:

a.      On September 24, 2010, Defendants Muslimov and Valley were married in Portland, Maine before witnesses, one of whom was Dziyana (a/k/a Diana) Biruk. At the time, Defendant Muslimov and Biruk were living together at 90 Mellen Street, Apartment Number 3, in Portland, Maine, and had been since September 1, 2010.

b.      On September 29, 2010, Defendant Muslimov was ordered removed from the United States to Russia in absentia by Immigration Judge Helen Sichel due to the fact that he failed to appear for his immigration hearing before the Executive Office of Immigration Review EOIR.

2

c.      On May 11, 2011, Defendant Valley signed under the penalties of perjury a Petition for Alien Relative Form (I-130) on behalf of Defendant Muslimov, establishing a relationship between a United States Citizen and an alien, without which Defendant Mulsimov would not be able to adjust his immigration status based on marriage. On the Form 1-130, Defendant Valley claimed she and Defendant Muslimov were living together at 90 Mellen Street, Apartment Number 3, in Portland, Maine. In fact, at the time, Defendant Muslimov was living at that address with Biruk.

d.      On May 11, 2011, Defendant Valley completed and signed a Biographic Information Form (G-325A) in support of her Form I-130, in which she stated that she resided at 90 Mellen Street, Apartment Number 3, in Portland, Maine from September 2010 until the date she signed the form, when in fact she never resided at that address.

e.      On May 11, 2011, Defendant Valley completed and signed an Affidavit of Support (Form I-864) on behalf of Defendant Muslimov, claiming that the couple's address was 90 Mellen Street, Apartment Number 3, in Portland, Maine.

f.      On May 15, 2011, Defendant Muslimov signed under the penalties of perjury an Application to Register Permanent Residence or Adjust Status Form (I-485) seeking to adjust his status from an out-of-status alien fugitive to that of a Lawful Permanent Resident based on his marriage to a United States Citizen. On the Form 1-485, Defendant Muslimov listed his address as 90 Mellen Street, Apartment Number 3, in Portland, Maine.

g.      On May 15, 2011, Defendant Muslimov completed and signed a Biographic Information Form (G-325A) in support of his Form I-485, in which he stated that he resided at 90 Mellen Street, Apartment Number 3, in Portland, Maine from September 2010 until the date he signed the form.

3

       h.      On August 10, 2011, Defendant Muslimov submitted a number of documents in support of Defendant Valley's Form I-130, including a signed affidavit from Biruk, verifying the authenticity of the Muslimov/Valley marriage, and a Planned Parenthood pregnancy confirmation which implied that Defendant Valley was pregnant with Defendant Muslimov's child who was due to be born on about March 24, 2012.

       i.      On August 10, 2011, Defendants Muslimov and Valley were interviewed by an officer at the U.S. Citizenship and Immigration Service (CIS) Office in South Portland, Maine in connection with Defendant Valley's Form I-130. During the interview, Defendants both stated that they resided together at 90 Mellen Street, Apartment Number 3, in Portland, Maine. Biruk accompanied Defendants Muslimov and Valley to the CIS Office during the interview.

Thus, the defendants violated Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 371.

### COUNT TWO
**(Conspiracy to Commit Visa Fraud)**

From about September 24, 2010 until about August 10, 2011, in the District of Maine, the defendants,

### MARAT MUSLIMOV
### and
### MELISSA VALLEY,

knowingly and willfully conspired and agreed to subscribe as true false statements made under oath with respect to material facts in documents prescribed by the immigration laws of the United States in order to adjust Defendant Muslimov's immigration status from an out-of-status alien fugitive based on his marriage to Defendant Valley, a United States Citizen.

## OBJECT OF THE CONSPIRACY

1.      It was the object of the conspiracy for Defendant Muslimov to marry Defendant Valley as part of a scheme to acquire a change of his United States immigration status to which he would not otherwise have been entitled by falsely representing to an agency of the United States Government that the marriage into which he had entered as part of the scheme was bona fide when in fact it was not.

## OVERT ACTS

2.      In furtherance of the conspiracy, and to affect its goals, the defendants committed the following overt acts in the District of Maine and elsewhere, on or about the dates alleged:

a.      On September 24, 2010, Defendants Muslimov and Valley were married in Portland, Maine before witnesses, one of whom was Dziyana (a/k/a Diana) Biruk. At the time, Defendant Muslimov and Biruk were living together at 90 Mellen Street, Apartment Number 3, in Portland, Maine, and had been since September 1, 2010.

b.      On September 29, 2010, Defendant Muslimov was ordered removed from the United States to Russia in absentia by Immigration Judge Helen Sichel due to the fact that he failed to appear for his immigration hearing before the Executive Office of Immigration Review EOIR.

c.      On May 11, 2011, Defendant Valley signed under the penalties of perjury a Petition for Alien Relative Form (I-130) on behalf of Defendant Muslimov, establishing a relationship between a United States Citizen and an alien, without which Defendant Mulsimov would not be able to adjust his immigration status based on marriage. On the Form 1-130, Defendant Valley claimed she and Defendant Muslimov were living together at 90 Mellen Street,

5

Apartment Number 3, in Portland, Maine. In fact, at the time, Defendant Muslimov was living at that address with Biruk.

        d.      On May 11, 2011, Defendant Valley completed and signed a Biographic Information Form (G-325A) in support of her Form I-130, in which she stated that she resided at 90 Mellen Street, Apartment Number 3, in Portland, Maine from September 2010 until the date she signed the form, when in fact she never resided at that address.

        e.      On May 11, 2011, Defendant Valley completed and signed an Affidavit of Support (Form I-864) on behalf of Defendant Muslimov, claiming that the couple's address was 90 Mellen Street, Apartment Number 3, in Portland, Maine.

        f.      On May 15, 2011, Defendant Muslimov signed under the penalties of perjury an Application to Register Permanent Residence or Adjust Status Form (I-485) seeking to adjust his status from an out-of-status alien fugitive to that of a Lawful Permanent Resident based on his marriage to a United States Citizen. On the Form 1-485, Defendant Muslimov listed his address as 90 Mellen Street, Apartment Number 3, in Portland, Maine.

        g.      On May 15, 2011, Defendant Muslimov completed and signed a Biographic Information Form (G-325A) in support of his Form I-485, in which he stated that he resided at 90 Mellen Street, Apartment Number 3, in Portland, Maine from September 2010 until the date he signed the form.

        h.      On August 10, 2011, Defendant Muslimov submitted a number of documents in support of Defendant Valley's Form I-130, including a signed affidavit from Biruk, verifying the authenticity of the Muslimov/Valley marriage, and a Planned Parenthood pregnancy confirmation which implied that Defendant Valley was pregnant with Defendant Muslimov's child who was due to be born on about March 24, 2012.

6

              i.       On August 10, 2011, Defendants Muslimov and Valley were interviewed by an officer at the U.S. Citizenship and Immigration Service (CIS) Office in South Portland, Maine in connection with Defendant Valley's Form I-130. During the interview, Defendants both stated that they resided together at 90 Mellen Street, Apartment Number 3, in Portland, Maine. Biruk accompanied Defendants Muslimov and Valley to the CIS Office during the interview.

Thus, the defendants violated Title 18, United States Code, Sections 371 and 1546.

## COUNT THREE
### (False Statements to Government Agencies)

On about August 10, 2011, in the District of Maine and elsewhere, the defendants,

**MARAT MUSLIMOV**
**and**
**MELISSA VALLEY,**

knowingly and willfully made materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the Department of State (Diplomatic Security Services) and Department of Homeland Security (Homeland Security Investigations), agencies within the executive branch of the United States. Specifically, the defendants stated in interviews with an officer of the U.S. Citizenship and Immigration Service (CIS) that they were presently living together as husband and wife at 90 Mellen Street, Apartment 3, in Portland, Maine.

Thus, the defendants violated Title 18, United States Code, Section 1001(a)(2).

## COUNT FOUR
### (Visa Fraud)

From about June 27, 2012, in the District of Maine and elsewhere, the defendants,

**DZIYANA (a/k/a Diana) BIRUK**
**and**
**BRIAN DEHAHN,**

knowingly subscribed as true a false statement made under oath with respect to a material fact in

a document prescribed by the immigration laws of the United States, that is, a Petition to

Remove the Conditions on Residence (Form I-751), seeking to remove the conditions of

permanent residence to adjust Defendant Biruk's status from a Conditional Lawful Permanent

Resident based on her marriage to Defendant Dehahn, a United States Citizen. Specifically, the

defendants jointly filed the Form I-751 in which they falsely claimed to be living together as

husband and wife in Hollis, Maine.

Thus, the defendants violated Title 18, United States Code, Section 1546(a).

## COUNT FIVE
### (False Statements to Government Agencies)

On about May 23, 2013, in the District of Maine and elsewhere, the defendants,

**DZIYANA (a/k/a Diana) BIRUK**
**and**
**BRIAN DEHAHN,**

knowingly and willfully made materially false, fictitious and fraudulent statements and

representations in a matter within the jurisdiction of the Department of State (Diplomatic

Security Services) and Department of Homeland Security (Homeland Security Investigations),

agencies within the executive branch of the United States. Specifically, the defendants submitted

false documents to the U.S. Citizenship and Immigration Service (CIS) in support of Defendant

Biruk's Petition to Remove the Conditions on Residence (Form I-751) filed in order to change

her immigration status. Those documents represented that Defendants resided together as

husband and wife in Hollis, Maine from January 2010 until October 2012.

Thus, the defendants violated Title 18, United States Code, Section 1001(a)(2).

8

## COUNT SIX
### (False Statement to Government Agencies)

On about January 21, 2014, in the District of Maine, the defendant,

### DZIYANA (a/k/a Diana) BIRUK,

knowingly and willfully made materially false, fictitious and fraudulent statements and

representations in a matter within the jurisdiction of the Department of State (Diplomatic

Security Services) and Department of Homeland Security (Homeland Security Investigations),

agencies within the executive branch of the United States. Specifically, the defendant stated in an

interview with an officer of the U.S. Citizenship and Immigration Service (CIS) that she was

presently living with Defendant Muslimov (whom she identified as a friend named "Marat"

whose last name she did not know). In fact, as Defendant Biruk stated in her handwritten

affidavit dated August 5, 2011, which was filed with CIS by Muslimov, through counsel, in

support of Defendant Valley's Form I-130 on August 11, 2011, she met "her friend Marat [a "defendant Biruk" J.O.B 8-5-2016]

Muslimov" in 2008.

Thus, Defendant Biruk violated Title 18, United States Code, Section 1001(a)(2).

I further state that I am a special agent with the Department of Homeland Security
(Homeland Security Investigations). This Complaint is based on those facts which are set forth in
my affidavit of even date which is attached hereto and incorporated by reference.


_____
James O. Bell

Sworn to before me, and subscribed in my presence this _5_ [7TH] day of August, 2016.


_____
Jon D. Levy
United States District Judge


9

## AFFIDAVIT OF JAMES O. BELL

I, James O. Bell, being duly sworn, state the following:

### INTRODUCTION

1.      I am a Special Agent (SA) with the Department of Homeland Security (DHS) Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), formerly the Immigration and Naturalization Service (INS), and have been so employed since September 2002. I am a September 2003 graduate of the Criminal Investigator Training Program offered at the Federal Law Enforcement Training Center. Beginning in June of 1999, I worked at the Portland, Maine District Office of INS as a Detention Enforcement Officer. During that time, I interacted almost daily with aliens not lawfully present in the United States. My responsibilities as a SA with HSI include a wide variety of both administrative and criminal investigations of matters within the jurisdiction of HSI, including investigations involving marriage fraud, document fraud, criminally convicted aliens, work-site enforcement cases and routine matters involving aliens not lawfully present in the United States.

2.      I submit this Affidavit in support of a criminal complaint charging Marat Muslimov and Melissa Valley with conspiracy to commit marriage fraud, in violation of 18 U.S.C. § 371 and 8 U.S.C. §1325(c); conspiracy to commit visa fraud, in violation of 18 U.S.C. §§ 371 & 1546; and making false statements to government agencies, in violation of 18 U.S.C. § 1001. The criminal complaint also charges Dziyana (a/k/a Diana) Biruk and Brian Dehahn with visa fraud, in violation of 18 U.S.C. § 1546(a); and making false statements to government agencies, in violation of 18 U.S.C. § 1001. I make this Affidavit based on my personal investigation, my training and experience, my review of relevant documents, and conversations which I have had with other law enforcement agents.

1

## SECTION 245 OF THE IMMIGRATION AND NATIONALITY ACT (INA)

3.      Section 245 of the Immigration and Nationality Act (INA) pertains to the adjustment of status of nonimmigrant aliens to that of a person admitted for permanent residence. Under Section 245, aliens may adjust their status to that of an alien lawfully admitted for permanent residence if: the alien makes an application for such adjustment; the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and an immigrant visa is immediately available to him/her at the time his application is filed.

4.      On May 14, 2014, DHS Citizenship and Immigration Services (CIS), Fraud Detection and National Security (FDNS) Officer Toby Plourde completed a fraud referral requesting HSI investigate Muslimov, Valley, Biruk and Dehahn for possible criminal prosecution for violations involving marriage fraud. The fraud referral was subsequently assigned to me. My investigation has revealed the following evidence to date.

## MUSLIMOV/VALLEY MARRIAGE AND REPRESENTATIONS

5.      I conducted record checks in DHS indices, and reviewed documents associated with immigration removal proceedings, and discovered the following:

> A. On May 21, 2007, Muslimov, a citizen and national of Russia, entered the United States as a nonimmigrant Exchange Visitor (Visa Classification J-1) at the New York, New York Port of Entry (POE) and was authorized to remain in the United States for a temporary period not to exceed September 19, 2007.
>
> B. Muslimov remained in the United States beyond his authorized stay and was unlawfully present in the United States in violation of Section 237(a)(1)(B) of the INA when ordered removed on September 29, 2010.
>
> C. Melissa Valley is a United States citizen.

2

6.     I requested and subsequently reviewed the immigration A-File[1] of Muslimov and

discovered the following documents and facts:

    A.  An Application for Asylum and for Withholding of Removal Form (I-589)
completed and signed by Muslimov on May 20, 2008. Muslimov failed to
appear for his asylum interview and the case was subsequently closed. On
December 29, 2008, Muslimov was served with a Notice to Appear Form (I-
862) placing him in immigration removal proceedings with the
Executive Office of Immigration Review (EOIR) for violating Section
237(a)(1)(B) of the INA.

    B.  A copy of the State of Maine Department of Health and Human Services
License and Certificate of Marriage pertaining to Muslimov and Valley which
revealed that the couple was married on September 24, 2010 in Portland,
Maine, the very same day that their Intentions to Marry form was filed.[2] The
witnesses to their marriage were Sergey Filiok and Diana Biruk.

    C.  A copy of Immigration Judge Helen Sichel's Order of Removal dated
September 29, 2010 which orders Muslimov's removal from the United States
to Russia in absentia due to the fact that he failed to appear for his
immigration hearing before the EOIR. As of this date, Muslimov has been a
fugitive alien.

    D.  A Petition for Alien Relative Form (I-130) signed by Valley on May 11, 2011
based on her marriage to Muslimov. The Form I-130, which establishes a
relationship between a United States citizen and an alien, lists the couple's
address as 90 Mellen Street, Apartment Number 3, in Portland, Maine.

    E.  A Biographic Information Form (G-325A) completed and signed by Valley on
May 11, 2011, in support of her Form I-130. On the Form G-325A, Valley
stated that she resided at 90 Mellen Street, Apartment Number 3, in Portland,
Maine from September 2010 until the date she signed the form.

    F.  An Affidavit of Support (Form I-864) completed and signed by Valley on
behalf of Muslimov on May 11, 2011. The Form I-864 lists the couple's
address as 90 Mellen Street, Apartment Number 3, in Portland, Maine.

[1] Alien Files, or "A-Files," are individual files identified by a subject's Alien Registration Number ("A-
number"). An A-number is a unique personal identifier assigned to a non-citizen. A-Files became the
official file for all immigration and naturalization records created or consolidated since April 1, 1944.

[2] Based on my training and experience, I know that individuals entering into marriage for the sole purpose
of obtaining an immigration benefit will sometimes file an Intention to Marry form at the time of their
marriage at City Hall, instead of the more traditional practice of filing in advance of a later scheduled
wedding elsewhere.

G. An Application to Register Permanent Residence or Adjust Status Form (I-485), completed and signed by Muslimov on May 15, 2011, based on his marriage to Valley, which lists Muslimov's address as 90 Mellen Street, Apartment Number 3, in Portland, Maine.

H. A Biographic Information Form (G-325A) completed and signed by Muslimov on May 15, 2011 in support of his Form I-485. On the Form G-325A, Muslimov stated that he resided at 90 Mellen Street, Apartment Number 3, in Portland, Maine from September of 2010 until the date he signed the form.

7.      On July 11, 2011, Muslimov was arrested by DHS Enforcement and Removal Operations (ERO) Deportation Officer (DO) Derek Cola as a fugitive alien due to his outstanding order of removal. On July 18, 2011, Muslimov was released from DHS ERO custody and served with an Order of Supervision Form (I-220B).[3]

8.      On August 10, 2011, Muslimov, through counsel, submitted a number of documents in support of Valley's Form I-130, including signed affidavits from Diana Biruk (a/k/a Dziyana Biruk) and Mateo Hodo vouching for the validity of the Muslimov/Valley marriage. Specifically, Biruk's handwritten affidavit, dated August 5, 2011, stated that she met her "friend Marat Muslimov" who she has "known for 3 years." Also included in the packet of documents submitted was a copy of a Planned Parenthood pregnancy confirmation, dated July 29, 2011. In doing so, Muslimov implied that Valley was pregnant with his child, who was due to be born on about March 24, 2012.

9.      On August 10, 2011, Muslimov and Valley were interviewed at the DHS CIS Office in South Portland, Maine by ISO Saucier in connection with the Form I-130. During the interview, Muslimov and Valley both stated that they still resided together at 90 Mellen Street,

---

[3] An order of Supervision is issued by ERO when an alien does pose a threat to the community and can be released while the government attempts to repatriate the alien back to his/her country of citizenship. If the alien released does not follow the requirements of the Order of Supervision, he/she can be prosecuted for a misdemeanor offense in violation of Title 8, United States Code, Section 1253.

Apartment Number 3, in Portland, Maine. I obtained a copy of the sign-in roster for the DHS

office for August 10, 2011. In reviewing the roster, I discovered Dziyana Biruk accompanied

Muslimov and Valley at the DHS Office during the interview.

      10.     On August 11, 2011, following individual and joint interviews with Muslimov

and Valley, ISO Saucier approved Valley's Form I-130.[4]

### BIRUK/DEHAHN MARRIAGE & REPRESENTATIONS

      11.     I conducted record checks in DHS indices and discovered the following:

    A. On June 11, 2008, Dziyana (a/k/a Diana) Biruk, a citizen and national of
Belarus, entered the United States as a nonimmigrant Exchange Visitor (Visa
Classification J-1) via the New York, New York Port of Entry (POE) and was
authorized to remain in the United States for a temporary period not to exceed
October 1, 2008.

    B. Biruk's program end date for the J-1 visa was September 1, 2008. Under the J-
1 visa program, J-1's are authorized to remain in the United States for an
additional thirty (30) days beyond their program end date. Biruk remained in
the United States beyond October 1, 2008 unlawfully, in violation of Section
237(a)(1)(B) of the Immigration and Nationality Act (INA).

    C. Brian Dehahn is a United States citizen.

      12.     I requested and subsequently reviewed the immigration A-File of Biruk and

discovered the following documents and facts:

    A. A copy of the State of Maine Department of Health and Human Services
License and Certificate of Marriage pertaining to Biruk and Dehahn which
reveals that the couple was married on January 11, 2010 in Portland, Maine,
the very same day they filed their Intentions to Marry form. The witnesses to
their marriage were Jessica Crawley and Richard Sprague III.

    B. A Petition for Alien Relative Form (I-130) signed by Dehahn on March 26,
2010 based on his marriage to Biruk. The Form I-130, which establishes a

---

[4] Muslimov's Form I-485 would have been denied that same date because a Final Order of Deportation
had issued and he was subject to an Order of Supervision; however, ISO Saucier forwarded it to be
referred to an immigration judge. The Form-485 was later returned to ISO Saucier for adjudication and
was denied on August 9, 2012.

relationship between a United States citizen and an alien, lists the couple's address as 184 Waterboro Road in Hollis, Maine.

C. A Biographic Information Form (G-325A) completed and signed by Dehahn, in support of his Form I-130, on March 26, 2010. On the Form G-325A, Dehahn stated that he resided at 184 Waterboro Road located in Hollis, Maine from September 9, 2008 until the date he signed the form.

D. An Affidavit of Support (Form I-864) completed and signed by Dehahn on behalf of Biruk on March 26, 2010. The Form I-864 lists Dehahn's and Biruk's joint address as 184 Waterboro Road in Hollis, Maine.

E. An Application to Register Permanent Residence or Adjust Status Form (I-485) completed and signed by Biruk on March 26, 2010 based on her marriage to Dehahn. The Form I-485 lists Biruk's address as 184 Waterboro Road in Hollis, Maine.

F. A Biographic Information Form (G-325A) completed and signed by Biruk in support of her Form I-485. On the Form G-325A, Biruk stated that she resided at 184 Waterboro Road located in Hollis, Maine from January of 2010 until present (which was the date she submitted the form, March 26, 2010).

G. An Affidavit of Support (Form I-864) completed and signed by Dehahn on behalf of Biruk on June 27, 2010. The Form I-864 lists Dehahn's and Biruk's joint address as 184 Waterboro Road in Hollis, Maine.

13.    On August 24, 2010, following individual and joint interviews with Biruk and

Dehahn in which they indicating that at the time they were still living together as husband and

wife at 184 Waterboro Road in Hollis, Maine, DHS CIS Immigration Service Officer (ISO)

Alton Saucier approved Dehahn's Form I-130 and Biruk's Form I-485. Upon the approval,

Biruk's status was adjusted from an out-of-status nonimmigrant J-1, to a Conditional Lawful

Permanent Resident (LPR) of the United States for a period of two years.

14.    In anticipation of the expiration of Biruk's status as a Conditional LPR, a Petition

to Remove the Conditions on Residence Form (I-751) was completed and signed by her on June

27, 2012. The Form I-751, if approved, removes the conditions of permanent residence and

makes the alien a LPR of the United States. Biruk filed the application jointly with Dehahn,

indicating that at the time of filing, they were still living together as husband and wife at 184 Waterboro Road in Hollis, Maine.

## RESULTS OF INVESTIGATION OF FRAUD

15.     On March 5, 2013, US CIS served Biruk with a Notice of Action Form (I-797) requesting additional evidence/bonafides establishing that her marriage to Dehahn was entered into under good faith and not for the purpose of obtaining an immigration benefit.

16.     On May 28, 2013, Biruk, through counsel, submitted a number of documents in response to the Form I-797 to include signed affidavits from Mateo Hodo, Richard Sprague III, Biruk and Dehahn. Biruk and Dehahn allege in their May 23, 2013 affidavits that they resided together at 184 Waterboro Road located in Hollis, Maine from January 2010 until October 2012.

17.     On June 18, 2013, US CIS served Biruk with a Notice of Action Form (I-797) requesting additional evidence regarding her marriage. On September 4, 2013, Biruk and Dehahn divorced in the Portland, Maine District Court. On September 6, 2013, Biruk requested that US CIS change the I-751 eligibility from a joint filing to a waiver of a joint filing due to her divorce.

18.     On January 21, 2014, Biruk was interviewed in conjunction with the Form I-751 by US CIS ISO Jessica Martin at the DHS Office located at 176 Gannett Drive in South Portland, Maine. During this interview, at which she was represented by counsel, admitted to presently living with Muslimov (whom she identified as a friend named "Marat" whose last name she did not know) at 45 State Street, Apartment 2, in Portland, Maine. These statements were in contradiction to the statements Biruk made in her handwritten affidavit dated August 5, 2011, which was filed by Muslimov, through counsel, in support of Valley's Form I-130.

19.     I obtained copies of rental records from Sidelinger Apartments. Specifically, the rental records revealed that from September 1, 2010 until November 30, 2012, Muslimov and

7

Biruk leased an apartment located at 90 Mellen Street, Apartment Number 3, in Portland, Maine. On May 9, 2016, I interviewed Maureen Sidelinger, the owner of Sidelinger Apartments, who confirmed that Muslimov and Biruk leased the Mellen Street apartment from September 1, 2010 until November 30, 2012, and that no one other than Muslimov and Biruk resided in the apartment. I presented Sidelinger with unmarked photographs of Muslimov, Biruk and Valley. Sidelinger positively identified Muslimov and Biruk as the couple which leased and resided at 90 Mellen Street, Apartment Number 3 in Portland, Maine. Sidelinger did not recognize Valley. These records and interview contradict the claim contained in Biruk's Form I-751 filed jointly with Dehahn on June 17, 2012 that they were still living together as husband and wife at 184 Waterboro Road in Hollis, Maine at the time.

20.     Additionally, I obtained a copy of a lease agreement from Highstate Apartments Inc. The lease agreement revealed that from November 2012 until November 2013, Muslimov and Biruk leased an apartment located at 45 State Street, Apartment Number 2, in Portland, Maine.

21.     According to records from the Waterboro, Maine Town Office, a birth certificate reflects that a baby boy was born (with the last name Knight) to Melissa Valley of Waterboro on March 30, 2012. Muslimov was not listed as the father on the birth certificate.

## CONCLUSION

Based on the information set forth herein above, there is probable cause to believe that Marat Muslimov and Melissa Valley committed conspiracy to commit marriage fraud, in violation of 18 U.S.C. § 371 and 8 U.S.C. §1325(c); conspiracy to commit visa fraud, in violation of 18 U.S.C. §§ 371 & 1546; and making false statements to government agencies, in violation of 18 U.S.C. § 1001. There is also probable cause to believe that Dziyana (a/k/a Diana)

Biruk and Brian Dehahn committed visa fraud, in violation of 18 U.S.C. § 1546(a), and made false statements to government agencies, in violation of 18 U.S.C. 1001. Accordingly, based on the facts set forth above, I respectfully request that the Court issue criminal complaints charging Marat Muslimov, Melissa Valley, Dziyana (a/k/a Diana) Biruk and Brian Dehahn with the same.

I hereby swear under oath that the information set forth in this Affidavit is true and correct to the best of my knowledge, information, and belief, and that I make this oath under the pains and penalties of perjury.

Dated at Portland, Maine this ____5th____ day of August, 2016.


James O. Bell
Special Agent
United States Department of Homeland Security

Sworn and subscribed before me this ____5TH____ day of August, 2016.


Jon D. Levy
United States District Judge
District of Maine

9